J-S42024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRENCE BROWN | : | |
| | : | |
| Appellant | : | No. 881 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001238-2011

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    Filed: November 19, 2020

Appellant, Terrence Brown, appeals *pro se* from the March 2, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record demonstrates that on January 24, 2012, Appellant pleaded guilty to robbery, conspiracy to commit robbery, and possessing an instrument of crime.[1]  On that same date, the trial court sentenced Appellant to an aggregate sentence of 10 to 20 years' incarceration and to 5 years' probation to run consecutive to Appellant's sentence of incarceration.  While still represented by counsel, Appellant filed *pro se* a motion to withdraw his

_____

[1] 18 Pa.C.S.A. §§ 3701, 903, and 907, respectively.

guilty plea,[2] which the trial court subsequently denied. Appellant filed *pro se* a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant failed to file. Appellant's counsel, upon learning of Appellant's appeal, filed a motion to withdraw as counsel with this Court, as well as an *Anders*[3] brief stating that the appeal was wholly frivolous because Appellant waived all issues on appellate review for failure to file a Rule 1925(b) statement. This Court denied counsel's motion to withdraw and remanded the case "for the appointment of new counsel or, if [Appellant] seeks to represent himself, for the trial court to conduct a *Grazier*[4] hearing to ensure his waiver [of counsel] is knowing, voluntary, and intelligent." *Commonwealth v. Brown*, 1564 EDA 2012 at *7 (Pa. Super. Filed June 26, 2013) (unpublished memorandum). The trial court subsequently appointed new counsel to represent Appellant. Thereafter, this Court affirmed Appellant's judgment of

---

[2] In his motion to withdraw his guilty plea, Appellant asserted that when he pleaded guilty to the aforementioned crimes, he was "without understanding [of] the significance [or collateral] consequences of his [pleading guilty] with respect to parole violations and service of [`]back-time[´] imposed as a result of [his] guilty plea." Appellant's *Pro Se* Motion to Withdraw Guilty Plea, 1/31/12, at ¶ 3.

[3] *Anders v. California*, 386 U.S. 738 (1967); *see also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

sentence on December 4, 2013, and our Supreme Court denied allowance of appeal. **Commonwealth v. Brown**, 93 A.3d 498 (Pa. Super. 2013), *appeal denied*, 92 A.2d 810 (Pa. 2014).

On July 14, 2014, Appellant filed *pro se* his first PCRA petition. PCRA counsel was appointed to represent Appellant and subsequently filed a **Turner-Finley**[5] no-merit letter and a motion to withdraw as counsel. The PCRA court granted counsel's request to withdraw and provided Appellant notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his PCRA petition. Appellant filed a response to the PCRA court's notice to dismiss. On April 2, 2015, the PCRA court dismissed Appellant's PCRA petition. Appellant filed *pro se* a notice of appeal. On February 16, 2017, this Court affirmed the PCRA court's order dismissing Appellant's PCRA petition, and our Supreme Court subsequently denied allowance of appeal.[6] **Commonwealth v. Brown**, 141 A.3d 596 (Pa. Super. 2016), *appeal denied*, 145 A.3d 162 (Pa. 2016).

On January 2, 2020, Appellant filed *pro se* the instant PCRA petition, his second, arguing that he entered his guilty plea involuntarily, unknowingly, and unintelligently. Appellant's *Pro Se* PCRA Petition, 1/2/20, at 2. Appellant

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] Our Supreme Court, in a September 28, 2016 *per curiam* order, denied Appellant's application for reconsideration of the order denying of his petition for allowance of appeal. **See** *Per Curiam* Order, 9/28/16, at 207 MAL 2016.

asserts that he was recently denied a parole hearing, and if he had known before he entered his guilty plea that he would subsequently be denied a parole hearing, he would not have entered his guilty plea. *Id.* The PCRA court notified Appellant, pursuant to Rule 907,[7] of its intent to dismiss his PCRA petition. On March 2, 2020, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.[8]

Appellant raises the following issue for our review:

> Whether the [PCRA] court erred [as a matter of law or] abused [its] discretion in dismissing [Appellant's PCRA] petition by concluding that Appellant did not meet the exception to the [jurisdictional] time[-]bar[,] 42 Pa.C.S.A. [§§] 9543(a)(2)(ii) [and] 9545(b)(1)(ii), and holding that [the] petition was patently frivolous and without genuine issues of fact[?]

Appellant's Brief at 4 (extraneous capitalization omitted).[9]

Our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over

---

[7] The PCRA court's Rule 907 notice was dated January 9, 2020, but was not docketed until March 2, 2020. The record demonstrates that Appellant received a copy of the Rule 907 notice in January 2020, because on January 30, 2020, Appellant filed *pro se* a request for an extension of time in which to file his objections to the PCRA court's Rule 907 notice.

[8] The PCRA court did not order Appellant to file a Rule 1925(b) statement. The PCRA court, however, filed a Rule 1925(a) opinion on April 17, 2020.

[9] We note that Appellant cites 42 Pa.C.S.A. § 9543(a)(2)(ii) as setting forth an exception to the jurisdictional time-bar. Section 9543(a)(2)(ii) relates to proof of ineffective assistance of counsel as grounds for PCRA relief and does not set forth one of the three narrow statutory exceptions to the jurisdictional time-bar, as discussed *infra*.

the petition. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Here, the trial court sentenced Appellant on January 24, 2012. This Court affirmed the judgment of sentence on December 4, 2013. Our Supreme Court denied review on May 22, 2014. Appellant did not file a writ of *certiorari* with the Supreme Court of the United States. Consequently, Appellant's judgment of sentence became final on August 20, 2014, at the expiration of the time for seeking discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "A petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after the entry of the order denying discretionary review."); ***see also*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's PCRA petition

filed on January 2, 2020, more than five years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If an appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. **Spotz**, 171 A.3d at 676.

Here, Appellant asserts that on October 5, 2019, he received correspondence from the Pennsylvania Department of Corrections allegedly stating that he was not eligible for a parole hearing "due to his history [of] appealing his January 24, 2012" judgment of sentence. **See** Appellant's Brief at 10 (parentheses and extraneous capitalization omitted); **see also** Appellant's PCRA Petition, 1/2/20, at 3 ¶ 5(II). Appellant argues that this correspondence constitutes a newly-discovered fact and that "had he been made aware [at his guilty plea hearing] that the [Pennsylvania Board of Parole

("Parole Board")] would strip him of the eligibility to be paroled and seen for [a] parole [hearing] due to his appeal of his [January 24, 2012 judgment of sentence,] he would not have [pleaded guilty]." Appellant's Brief at 10.

In a recent decision, our Supreme Court reiterated that the newly-discovered facts exception "renders a petition timely when the petitioner establishes that [`]the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" **Commonwealth v. Small**, ___ A.3d ___, 2020 WL 5833781 at *1 (Pa. Filed October 1, 2020) (slip opinion), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" **Id.** at *10 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **Id.** (citation omitted). Although a "direct connection" between the information learned and the underlying claim asserted by the petitioner in his PCRA petition is not required, there must be some relationship between the two in order for the information to qualify as a newly-discovered fact. **Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018), *appeal denied*, 229 A.3d 569 (Pa. 2020); **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating that the newly-discovered facts exception to the jurisdictional time-bar applies when

"the facts **upon which the claim is predicated** were unknown to the petitioner[.]" (emphasis added)).

Here, Appellant asserts that the newly-discovered "fact" that constitutes grounds for overcoming the jurisdictional time-bar is the correspondence he received, in October 2019, in which a Pennsylvania Department of Corrections' counselor explained his understanding of the Parole Board's reasons for denying Appellant a parole hearing related to his incarceration in the case *sub judice*.[10] **See** PCRA Petition, 1/2/20, at Exhibit entitled "Inmate's Request to Staff Member" (dated October 1, 2019). This correspondence, however, is not a "fact" within the context of the newly-discovered facts exception because it does not pertain to Appellant's underlying claim contained in his PCRA petition, namely that he did not voluntarily, knowingly, or intelligently plead guilty.[11] Rather, this "fact" is information Appellant received pertaining to the

_____

[10] The counselor's statement in response to Appellant's inquiry, as set forth in the "Inmate's Request to Staff Member" form, does not constitute a denial by the Parole Board of Appellant's alleged request for a parole hearing.

[11] Although we cannot, without first establishing jurisdiction, consider the merits of Appellant's underlying claim contained in his petition, we must examine the context of this claim in order to determine if the alleged newly-discovered fact was, indeed, a fact upon which the claim was predicated. Here, Appellant asserts that his guilty plea, entered in January 2012, was not entered voluntarily, knowingly, and intelligently because he was unaware, at the time, that the Parole Board would subsequently deny him a parole hearing in October 2019. Appellant failed to demonstrate any relationship between his underlying claim and the correspondence he received in October 2019. An appeal or challenge to the judgment of sentence imposed as a result of the aforementioned criminal offenses could have been lodged even if the offenses were resolved by way of a jury, or non-jury, trial.

denial of his alleged request for a parole hearing and the discretionary aspects by which the Parole Board determines a prisoner's eligibility for parole.[12] Appellant, therefore, failed to plead and prove the newly-discovered facts exception to the jurisdictional time-bar. As such, the PCRA court properly

---

Therefore, Appellant's reason he was allegedly denied a parole hearing, namely his history of appealing his January 24, 2012 judgment of sentence, was not dependent upon, or triggered exclusively by, his entry of a guilty plea.

[12] Pursuant to Section 6123(a)(1)(i) of the Prisons and Parole Code ("Parole Code"), the Parole Board has the exclusive power to parole inmates in state correctional institutions. 61 Pa.C.S.A. § 6132(a)(1)(i) (stating, the Parole Board shall have exclusive power to "parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution). The Parole Board may exercise its discretion to parole an inmate **only after "the expiration of the minimum term of imprisonment fixed by the court in its sentence[.]"** *Id.* at § 6137(a)(3) (emphasis added). Thus, an inmate only has the right to apply for parole upon the expiration of the minimum term of his or her sentence. Here, Appellant was required to first serve his back-sentence (30 months) for a violation of parole in a case unrelated to the instant case before Appellant began serving his aggregate sentence of 10 to 20 years' incarceration imposed in the case *sub judice*. **See** 61 Pa.C.S.A. § 6138(a)(5) (stating, "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term"). In October 2019, Appellant was not eligible for parole because, *inter alia*, he had not yet served the aggregate minimum sentence of 10 years' incarceration in the instant case. Appellant's serving of his "back-time" first remains a priority over Appellant serving his sentence in the case *sub judice*, regardless of whether the disposition of the instant case was by guilty plea or conviction upon trial. **See Commonwealth v. Abraham**, 62 A.3d 343, 350 (Pa. 2012) (stating, "a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea" (citation omitted)), *cert. denied*, 568 U.S. 1213 (2013); **see also Commonwealth v. Barndt**, 74 A.3d 185, 195 (Pa. Super. 2013) (stating that knowledge that a parole revocation sentence runs consecutive to any new sentence imposed is a collateral consequence of a guilty plea).

ruled that Appellant's PCRA petition was patently untimely and without exception.

Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20